Case 15.

## Pond *vs.* Doneghy, &c.

PET. EQ.

APPEAL FROM BOYLE CIRCUIT.

1. To make an infant a party defendant to a suit, it is indispensable that a summons be served on the infant, unless the infant be before the court in some other mode, (*Code of Practice, sec.* 56,) and a guardian *ad litem* appointed and defense made. (*Code of Practice, sec.* 55.)

2. A mere order of court, by consent of counsel, "that infants be made parties" to a suit, does not have the effect to make them parties, so as to authorize the court to proceed against them. And if the circuit court does proceed it is ground of reversal in the court of appeals, without any application to the circuit court to correct the error. It is more than a clerical error.

On the 20th June, 1854, John G. Pond desiring to raise money, procured the indorsement of Doneghy and Harlan, in the form of a bill of exchange, one being drawer and the other indorser raising thereby a fraction over three thousand dollars; and to indemnify them executed to them a mortgage, which was recorded. Pond, a citizen of Boyle county, went south and remained until the bill fell due and was protested for non-payment, and Doneghy and Harlan were compelled to pay it off, which was done on the 20th October, 1854; and brought suit to foreclose the mortgage. About the same time several other suits were brought and attachments were sued out and levied on the property mortgaged to Doneghy and Harlan, all of which were consolidated and heard with the case of Doneghy and Harlan.

Mrs. Salina Pond, wife of John G. Pond, filed an affidavit setting up claim to the negros which were embraced in the mortgage, and attached, under a verbal gift from her father, Benjamin Schooler, in the year 1848, to herself and children, and that they are not liable to sale for the debts of her husband; and thereupon the following entry was made on the record: "This day came the parties aforesaid, by 'their counsel, and by their consent Mrs. Salina J. 'Pond, wife of defendant Pond, and her children, 'are made parties to this suit." No process was served on the children, or guardian *ad litem* appointed to defend for them, although a majority of them were infants. The circuit court ordered the negroes to be sold, and the defendant has appealed.

*Tho. N. Lindsey and A. A. Burton* for appellants—

The proper parties were not before the court. The agreement of counsel, that the answer of Mrs. Pond should be considered the answer of her children, cannot cure the omission to serve process on them, and appoint a guardian *ad litem* to defend for such of them as were infants. The order of court, purporting to make the infant children parties, did not have

POND
vs.
DONEGHY, &c.

that effect; it was indispensible that they should be summoned, and have a guardian *ad litem* appointed to defend for them.

*G. W. Dunlap*, for appellees—

If Mrs. Pond had a life estate in the slaves in contest, under the supposed gift from the father; she was competent to defend any interest her children might have- No exception was taken in the court below for want of parties, and it is too late to take it here. (*Gunn vs. Logan, MSS. opinion, winter term*, 1856.)

Dec. 23, 1857. Judge SIMPSON delivered the opinion of the court.

The slaves in contest in these consolidated cases were claimed by Selina J. Pond, to be the property of herself and her children; and on her petition the plaintiffs in the action were required to make her and her children defendants. Thereupon the following entry was made on the record, viz:

"This day came the parties aforesaid, by their ' counsel, and by their consent Mrs. Selina J. Pond, ' wife of defendant Pond, and her children, are made ' parties to this suit."

No process was served upon the children, nor was there a guardian *ad litem* appointed to defend for any of them, although a majority of them were infants.

The legal effect of the foregoing order was only to make the children parties to the action, but it did not bring them into court, nor dispense with the service of process upon them.

No judgment can be rendered against an infant until after a defense by a guardian. (*Civil Code, section* 55.) Nor can a guardian be appointed until after service of the summons in the action as directed in the Code, (*section* 56,) unless the infant be legally before the court in some other mode.

The judgment in these cases subjects the slaves to the payment of the plaintiffs debts, without the in-

1. To make an infant a party defendant to a suit, it is indispensable that a summons be served on the infant, unless the infant be before the court in some other

fant defendants having been brought before the court, although the record shows that they were directly interested in the determination of the questions involved in that decision. The judgment therefore is erroneous, and must be reversed; and as the children of Mrs. Pond, when regularly brought before the court, will have a right not only to object to the depositions which have been heretofore taken, but also to introduce other evidence into the cause, it would be permature to express any opinion on the present state of preparation, as to the liability of the slaves in contest for the payment of the husband's debts.

The rendition of a judgment, before a defense by a guardian for the infant defendants, was not a clerical misprision, or a mere hearing of the action before it stood for trial, and therefore not a ground for an appeal until it had been presented and acted upon in the circuit court; but it was an error of the court, and, as it appears in the record, is such an error as is available for a reversal in this court.

Wherefore, the judgment is reversed, and cause remanded that the children of Mrs. Pond may be brought before the court, and for further proceedings consistent with this opinion.

mode, (*Code of Prac. sec.* 56,) and a guardian *ad litem* appointed and defense made. (*Code of Prac. sec.* 55.)

2. A mere order of court, by consent of counsel, "that infants be made parties" to a suit, does not have the effect to make them parties, so as to authorize the court to proceed against them.— And if the circuit court does proceed it is ground of reversal in the court of appeals, without any application to the circ't court to correct the error. It is more than a clerical error.